

|  |  |
|---|---|
|  | **U.S. Department of Justice** |
|  | *United States Attorney* |
|  | *District of New Jersey* |

| | |
|---|---|
| Rachael A. Honig<br>Acting United States Attorney | 401 Market Street, Fourth Floor<br>Camden, New Jersey 08101-2098 |
| Meriah H. Russell<br>Special Assistant United States Attorney | Direct Dial: 973-454-3667<br>Email: Meriah.russell@usdoj.gov |

August 5, 2021

| | |
|---|---|
| Benjamin West, Esq.<br>Assistant Federal Public Defender<br>800-840 Cooper Street<br>Suite 350<br>Trenton, NJ 08102 | RECEIVED<br>JANUARY 14, 2022<br>At: 11:30 AM<br>WILLIAM T. WALSH<br>CLERK |
| Re:  **Plea Agreement with Ravi Patel** | 22-cr-18 (ZNQ) |

Dear Mr. West:

  This letter sets forth the plea agreement between your client, Ravi Patel, and the United States Attorney for the District of New Jersey ("this Office"). Should your client wish to accept this agreement, the executed agreement must be received by this Office no later than the close of business on **Friday, August 20, 2021**. If an executed agreement is not returned to this Office by that date, this offer will expire.

## Charges

  Conditioned on the understandings specified below, this Office will accept a guilty plea from Ravi Patel to an Information charging him with one count of knowingly and willfully conspiring to commit mail fraud, contrary to Title 18, United States Code, Section 1341, in violation of Title 18, United States Code, Section 1349. If Ravi Patel enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Ravi Patel for actions taken from in or about July 2019 through in or about September 2019 in furtherance of the scheme to defraud victims of money and property as described in the complaint docketed at Mag. No. 20-14001 (ZNQ). However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect Ravi Patel agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Ravi Patel may be commenced against him, notwithstanding the expiration of the limitations period after Ravi Patel signs the agreement.

1

### Sentencing

The violation of 18 U.S.C. § 1349 to which Ravi Patel agrees to plead guilty carries a statutory maximum prison sentence of 20 years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Ravi Patel is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Ravi Patel ultimately will receive.

Further, in addition to imposing any other penalty on Ravi Patel, the sentencing judge: (1) will order Ravi Patel to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order Ravi Patel to pay restitution pursuant to 18 U.S.C. § 3663A; (3) may order Ravi Patel, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense; (4) must order forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461; and (5) pursuant to 18 U.S.C. § 3583 may require Ravi Patel to serve a term of supervised release of up to 3 years, which will begin at the expiration of any term of imprisonment imposed.

Should Ravi Patel violate any of the conditions of supervised release before the expiration of its term, Ravi Patel may be sentenced to not more than 2 years' imprisonment, in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

### Rights of The Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves the right to take any position with respect to the appropriate sentence to be imposed on Ravi Patel by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Ravi Patel's activities and relevant conduct with respect to this case.

### Stipulations

This Office and Ravi Patel agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to

stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receive additional evidence or information prior to sentencing that they determine to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Ravi Patel from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

### Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Ravi Patel waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

### Restitution

Ravi Patel agrees that restitution is mandatory pursuant to 18 U.S.C. § 3663A and agrees to the entry of a Restitution Order for the full amount of the victims' losses. Pursuant to 18 U.S.C. § 3663A(c)(2), Ravi Patel agrees that an offense listed in § 3663A(c)(1) gave rise to this plea agreement and as such, victims of the conduct described in the charging instrument, statement of facts or any related or similar conduct shall be entitled to restitution. The parties agree that the amount of restitution will be determined by the Court at the time of sentencing.

In addition to the foregoing, and pursuant to 18 U.S.C. §§ 3663(a)(1) and 3663(a)(3), Ravi Patel agrees to pay full restitution to the victims for all losses resulting from the offense of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying the offense.

## Forfeiture

Ravi Patel agrees, as part of his acceptance of responsibility and pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), to forfeit to the United States, all property, real and personal, constituting or derived from proceeds obtained directly or indirectly as a result of the commission of the conspiracy to commit mail fraud offense charged in the Information Ravi Patel further agrees that the value of such property was $289,974.00; that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists; and that the United States is therefore entitled to forfeit substitute assets equal to the value of the proceeds obtained by Ravi Patel in an amount not to exceed $289,974 (the "Forfeiture Amount"). Ravi Patel consents to the entry of an order requiring him to pay the Forfeiture Amount, in the manner described below (the "Order"), and that the Order will be final as to the defendant prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets. Ravi Patel further agrees that upon entry of the Order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Forfeiture Amount in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

All payments made in full or partial satisfaction of the Forfeiture Amount shall be made by postal money order, bank, or certified check, made payable in this instance to the United States Marshals Service, indicating the defendant's name and case number on the face of the check; and shall be delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102.

Ravi Patel further consents to the administrative and/or civil judicial forfeiture of the Specific Property pursuant to 18 U.S.C. § 981(a)(1)(C). Ravi Patel agrees that he will not file a claim or a petition for remission or mitigation in any forfeiture proceeding involving the Specific Property and will not cause or assist anyone else in doing so. To the extent Ravi Patel has filed a claim or petition in any administrative or civil judicial forfeiture proceeding involving the Specific Property, such claims or petitions are hereby deemed withdrawn. Ravi Patel further agrees to take all necessary steps to pass clear title to the Specific Property to the United States, including, but not limited to, the surrender of such property to the Government and the execution of necessary documentation.

Ravi Patel waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Ravi Patel understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. Ravi Patel waives any and all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment. It is further understood that any forfeiture of the defendant's assets shall not be treated as satisfaction

of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture.

Ravi Patel further agrees that not later than the date he enters his plea of guilty, he will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If Ravi Patel fails to provide a complete and accurate Financial Disclosure Statement by the date he enters his plea of guilty, or if this Office determines that Ravi Patel has intentionally failed to disclose assets on his Financial Disclosure Statement, Ravi Patel agrees that that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

## Immigration Consequences

Ravi Patel understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. Ravi Patel understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Ravi Patel wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. Ravi Patel understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, Ravi Patel waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

## Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Ravi Patel. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service), or any third party from initiating or prosecuting any civil or administrative proceeding against Ravi Patel.

No provision of this agreement shall preclude Ravi Patel from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Ravi Patel received constitutionally ineffective assistance of counsel.

## No Other Promises

This agreement constitutes the plea agreement between Ravi Patel and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

RACHAEL A. HONIG
Acting United States Attorney
District of New Jersey

*/s Meriah Russell*
By: MERIAH H. RUSSELL
Special Assistant United States Attorney

APPROVED:

MOLLY S. LORBER
Attorney-In-Charge, Camden

I have received this letter from my attorney, Benjamin West, Esquire. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, restitution, forfeiture, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

*R. Patel*                                        Date: 8/17/2021
RAVI PATEL

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, restitution, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

*B. West*                                        Date: 8/17/21
BENJAMIN WEST, ESQUIRE
Counsel to Defendant RAVI PATEL

7

**Plea Agreement with Ravi Patel**

**Schedule A**

1. This Office and Ravi Patel recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Ravi Patel nevertheless agree to the stipulations set forth herein.

2. The version of the United States Sentencing Guidelines effective November 1, 2018, applies in this case.

3. The applicable guideline is U.S.S.G. § 2X1.1, which provides for the base offense level from the guideline for the substantive offense, plus any adjustments from the substantive offense guideline. U.S.S.G.§ 2X1.1(a).

4. The substantive offense is mail fraud. Therefore, U.S.S.G. § 2B1.1 applies. Because the statutory maximum prison sentence for the charged offense is 20 years or more, this guideline carries a Base Offense Level of 7. U.S.S.G. § 2B1.1(a)(1).

5. Specific Offense Characteristic U.S.S.G. § 2B1.1(b)(1)(G) applies because the loss amount is greater than $250,000 but less than $550,000. This Specific Offense Characteristic results in an increase of 12 levels.

6. Specific Offense Characteristic U.S.S.G. § 2B1.1(b)(2)(A)(i) applies because the fraud involved ten (10) or more victims. This results in an increase of 2 levels.

7. Specific Offense Characteristic U.S.S.G. § 2B1.1(b)(10) applies because: (1) the defendant relocated, or participated in relocating, a fraudulent scheme to another jurisdiction to evade law enforcement; and (2) a substantial part of the fraudulent scheme was committed from outside the United States. This results in an increase of 2 levels.

8. As of the date of this letter, Ravi Patel has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Ravi Patel's acceptance of responsibility continues through the date of sentencing. *See* U.S.S.G. § 3E1.1(a).

9. As of the date of this letter, Ravi Patel has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Ravi Patel's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Ravi Patel enters a plea pursuant to this agreement, (b) this Office in its discretion determine that Ravi Patel's acceptance of responsibility has continued through the date of sentencing and Ravi Patel therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Ravi Patel's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

10. In accordance with the above, the parties agree that the total Guidelines offense

level applicable to Ravi Patel is 20 (the "agreed total Guidelines offense level"). The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level is reasonable.

11. The parties agree not to seek or argue for any upward or downward departures or adjustments not set forth herein. Ravi Patel reserves the right, however, to argue at Step III of sentencing for a downward variance pursuant to the factors set forth in 18 U.S.C. § 3553(a). This Office reserves the right to oppose any such application.

12. Ravi Patel knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 18 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 20. This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 20. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category, unless precluded from doing so by virtue of the stipulations set forth herein. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

13. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.